# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| TYSON KEPLINGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07-CV-542 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Tyson Keplinger, a *pro se* prisoner, filed a *habeas corpus* (Petition for Writ of Habeas Corpus, DE 1 ) and supplemental (Supplement Petition, DE 5) challenging his loss of two hundred (200) days of earned credit time and a demotion in credit class by the Westville Conduct Adjustment Board ("CAB") on June 27, 2007. The CAB convicted him of possession of an unauthorized substance. ( DE 1 at 1). The Respondent has filed a motion to dismiss (DE 12) and a supporting memorandum (DE13). Keplinger did not file a traverse to the motion and the time to do so has passed.

**(A) BACKGROUND**

On June 10, 2007, corrections officer Cain issued a conduct report against Petitioner under case number WCC 07-06-0211. According to the report, while Cain patted Petitioner down, another officer, Dziedzinski, saw him pass "two small bags of green leafy substance" to another prisoner, Villarreal. As Dziedzinski pursued him, Villarreal tried to flush the bags. When his attempt to destroy the evidence did not succeed, Villarreal threw the bags into the lap of a third prisoner, Dollier. Cain ordered Dollier to open his hand, where he found the bags

containing the suspect substance. Cain's pat-down search of the Petitioner yielded three small packages of loose tobacco. (DE 13-2 at 1-2). The contents of the bags that Villarreal tossed tested positive for marijuana. (DE 13-7). At screening on June 1, 2007, Petitioner pled not guilty. He requested Laster and Villarreal as witnesses and "[a]nything that was found on me." (DE 13-8). In his statement Villarreal said that he had tried to flush a cigarette that he grabbed from Petitioner's hand during the patdown. Petitioner never passed him a "green leafy substance," he insisted. Remembering that he had marijuana on him, Villarreal passed it to another "innocent bystander," Dillion. (DE 13-9).

At the hearing Petitioner admitted that he had tobacco but denied that he ever had "the weed." The CAB relied upon staff reports, the Petitioner's statement, a field test report, and a copy of the evidence in determining Petitioner's guilt. The CAB's stated reason for its determination was that staff "observed J3 Petitioner pass the 2 bags to another J3 (indecipherable) the bags were in the possession of J3 Petitioner." (DE 13-16). On appeal Petitioner complained the CAB disregarded Viallarreal's confession. Further, he maintained the officer who wrote the report was not the officer who allegedly saw him pass the marijuana. While Petitioner affirmed that he gave Villarreal a tobacco cigarette, for the first time in the appeal he claimed it was in a plastic bag. (DE 13-17).

**(B) DISCUSSION**

Petitioner explicitly raises two claims in the petition. First, he argues that he was denied exculpatory evidence, specifically a statement from prisoner Laster. Next, he argues that the Indiana Department of Corrections ("IDOC") procedure requires disciplinary charges to be

2

brought within ten (10) days of the incident. (DE 1 at 3-4).

The Respondent seeks dismissal, arguing Petitioner did not present these issues in his administrative appeal:

The entire appeal the Petitioner presented to the Facility Head was:

[o]n 6/10/07 at Approximately 7:40 pm, Lt. Cain shook me down, during the shake down he found a few small packages of tobacco in my pocket. During this time another offender Mr. Villarreal #998286 came by I handed him a cigarette in a plastic bag. He went to the West Wing Bathroom of 8 Dorm and flushed the cigarette. He came out and Officer Dziedzinski wanted to shake him down. He ran away and was eventually cornered. He threw the Marijuana on another Offender, Dollier #170952. Mr. Villarreal wrote Two witness statements for CAB. As well as plead guilty and said in both statements that I was innocent, and that the Marijuana was his. But, I was still found guilty. Lt. Cain wrote this up But never saw me pass this, the officer that claims to have saw this, didn't write the Report. I feel that the evidence I Brought with the witnesses was overlooked, or Disregarded totally. I didn't Possess any Marijuana, only tobacco, Offender Villarreal Made it clear. Thank you (Exhibit P).

(DE13 at 1–2).

"[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . .." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Petitioner requested Laster's statement at screening. (DE 13-8 at 1). As the Respondent notes, however, Petitioner candidly acknowledges that during the administrative appeal he did not present the two grounds he raises in the petition. (DE 13 at 1-2, fn.2). Petitioner submitted an affidavit from Laster. (Affidavit, DE 1-2) which supports his version of events. He explains that he "felt the facts I presented, supported my argument, were enough to change the decision." (DE 1 at 4). Although the Respondent did not address it, Petitioner's submissions also challenge the evidence upon which the CAB relied.

The grounds for a habeas challenge to a prison disciplinary proceeding are very limited.

3

> Due process requires that prisoners in disciplinary proceedings be given: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (quotation marks and citations omitted). "In addition to procedural safeguards, the disciplinary decision must be supported by at least 'some evidence.'" *Id.*, at 941.

Petitioner's petition and supplement point out perceived deficiencies in the evidence the CAB relied upon to find him guilty. Moreover, in the administrative appeal Petitioner asserted that Villarreal and Dillion's statements showed he was innocent, but the CAB "overlooked" this evidence to find him guilty (DE 1 at 2). Thus Petitioner fairly presents a claim that the evidence did not support the CAB's determination. *See Anderson v. Benik*, 471 F.3d 811, 814-815 (7th Cir. 2006)(discussing the fair presentment standard).[1]

Even if the alleged failure to obtain Laster's statement falls within the purview of Petitioner's insufficient evidence claim, it does not provide a basis for relief. Because Laster's statement is "consistent" with Villarreal's (DE 1 at 3), it is duplicative of Petitioner's own statement as well as that of his other witness. Though *Wolff v. McDonnel*, 418 U.S. 539 (1974), requires that a prisoner be permitted to submit relevant exculpatory evidence, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

---

[1] *See also: Mayle v. Felix*, 545 U.S. 644, 649 (2005)(contrasting Fed. R. Civ. P. 8's requirement for a "short and plain statement" of the claim with the specification of Rule 2(c) of the Federal Rules Governing Section 2254 Cases that the petitioner in a habeas case must set forth all the grounds for relief available to him and to state the facts supporting each ground).

Petitioner's claim that the hearing was not timely under IDOC procedure does not state a cognizable claim, because, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Since there is no Constitutional requirement that a prison disciplinary hearing be conducted within ten (10) days, this claim presents no basis for *habeas corpus* relief.

Finally, since the DHB found Petitioner guilty, it obviously credited the officer's statement regarding his observation that the petitioner handed Villarreal two bags of a "leafy green substance," over Petitioner's and Villarreal's story. When the question turns upon credibility, a guilty finding reveals how the critical dispute was resolved. *Moffat v. Broyles*, 288 F.3d at 978, 981(7th Cir. 2002)(citation omitted). The officer's statement of what he saw provided some evidence of Petitioner's guilt. Consequently, the hearing did not deprive Petitioner of due process and the evidence was sufficient to support the CAB's determination.

Therefore, the Court:

(1) **GRANTS** the Respondent's motion (DE 12 ); and

(2) **DISMISSES** this habeas corpus petition (DE 1) and supplemental petition (DE 5).

SO ORDERED on March 6, 2009.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division